# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AARON L. ROSENHAFT,<br><br>     Plaintiff,<br><br>v.<br><br>CITIBANK, N.A. AS TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-3 MORTGAGE BACKED NOTES, SERIES 2004-3, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), MERSCORP, INC., AND (1-3) UNKNOWN OR UNNAMED DEFENDANTS,<br><br>     Defendants. | 1:11-cv-4063-WSD |

## OPINION AND ORDER

This matter is before the Court on Citibank, N.A. as Trustee for American Home Mortgage Investment Trust 2004-3 Mortgage Backed Notes, Series 2004-3 ("Citibank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc.'s ("MERSCORP," collectively "Defendants") Motion to Dismiss [3].[1]

---

[1] Plaintiff also names "(1-3) unknown or unnamed Defendants" as Defendants in this action. The Court dismisses *sua sponte* these "(1-3) unknown or unnamed

## I. BACKGROUND

On July 5, 2011, Aaron L. Rosenhaft ("Plaintiff") filed a Verified Complaint against Defendants in the Superior Court of DeKalb County [1.1]. In his Complaint, Plaintiff makes two claims: (1) wrongful foreclosure; and, (2) "MERS is not a secured creditor – therefore not an assignor." (Pl.'s V. Compl. ¶¶ 42-64).

On October 26, 2011, MERSCORP was served with the Complaint. (Notice of Removal at 3). On that same day, MERS received notice of the action, but was not properly served with process. (Id.).

On November 23, 2011, Defendants removed the action based on diversity jurisdiction. (Id. at 4).

On November 30, 2011, Defendants filed their Motion to Dismiss on the ground that the Complaint fails to state any claim upon which relief can be granted. Citibank and MERS, specially appearing for the purpose of their Motion to Dismiss and not consenting to personal jurisdiction, also claim that Plaintiff has failed to serve them with process within 120 days of filing his Complaint, as required by Federal Rule of Civil Procedure 4(m). (Defs.' Mot. to Dismiss at 2).

---

Defendants." Fictitious party pleading is not permitted in federal court, unless a plaintiff describes the defendants with enough specificity to determine their identities. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiff has not made any attempt to amend the complaint or substitute the proper parties, and dismissal is appropriate.

Plaintiff did not file a response and the motion is deemed unopposed pursuant to the Local Rules. LR 7.1B, NDGa.

## II. DISCUSSION

### A. Sufficiency of service of process on Citibank and MERS

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Because Defendants Citibank and MERS have challenged the sufficiency of service of process, and have not waived service of process in making their special appearances for the purpose of their Motion to Dismiss, the Court must first address whether it has jurisdiction to adjudicate Plaintiff's claims against Citibank and MERS on the merits. If the Court does not have personal jurisdiction over these Defendants, it is powerless to act on the merits and dismissal without prejudice is appropriate. See Fed. R. Civ. P. 4(m); Pardazi, 896 F.2d at 1317; see also 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1344 (3d ed.) ("Obviously under any concept of 'appearance' a special appearance does not give jurisdiction to adjudicate on the merits.").

Rule 12(b)(4) and (5) permit dismissal for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4), (5). Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

According to Federal Rule of Civil Procedure 4(e), an individual may be served by following state law for service or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Georgia law regarding personal service of process mirrors the federal rules:

> Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows . . . to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

O.C.G.A. § 9-11-4(e)(7).

A plaintiff is responsible for timely serving process on the defendant. Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006) ("A

4

plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)."). The Eleventh Circuit has held that "service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008) (citing Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 925 (11th Cir. 2003)).

When a defendant challenges service of process, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Anderson, 255 F. App'x at 347 (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991), superseded in part by rule as stated in Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). A "defendant's unwillingness to accept improper service, or to waive service where applicable [is] not [an] 'outside factor, such as reliance on faulty advice,' that constitute[s] 'good

5

cause.'" Nelson v. Barden, 145 F. App'x 303, 310-11 (11th Cir. 2005) (quoting Prisco, 929 F.2d at 604).

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Our Circuit has relied on the Advisory Committee's Notes to Rule 4 to identify the factors that may justify an extension of time even absent good cause:

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Horenkamp, 402 F.3d at 1132 (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). "However, the running of the statute of limitations does not require a district court [to] extend the time for service of process under Rule 4(m)." Boston v. Potter, 185 F. App'x 853, 854 (11th Cir. 2006). "While the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight." Id.

The Court finds that Plaintiff has failed to serve Citibank and MERS as required by the Federal Rules of Civil Procedure. Because Plaintiff has not opposed Defendants' Motion to Dismiss, he has failed to demonstrate the validity

of service or good cause for failure to timely effect service. The Court finds there are no circumstances that justify extending the time for service. Because the Court lacks personal jurisdiction over Citibank and MERS due to Plaintiff's failure to serve them as required by the Federal Rules of Civil Procedure, dismissal of all claims against them without prejudice is appropriate.

B.  Motion to dismiss claims against MERSCORP

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled. Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and considers the allegations in the complaint in the light most favorable to the plaintiff. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).[2]

---

[2] The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[3]

---

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court decided that "this famous observation has earned its retirement." Id. at 1969.

[3] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 127 S. Ct. at 1965.

### 1. *Wrongful Foreclosure and improper assignment claims*

In Georgia, a plaintiff asserting a claim for wrongful foreclosure must establish a legal duty owed to a plaintiff by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. All Fleet Refinishing, Inc. v. West Ga. Nat. Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGoyler v. Green Tree Serv., LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) (quoting Brown v. Freedman, 474 S.E.2d 73, 75 (Ga. Ct. App. 1996)).

Plaintiff's wrongful foreclosure claim appears to allege that MERSCORP, as "the parent corporation of Mortgage Electronic Systems, Inc., commonly known as 'MERS,'" is liable for an alleged wrongful foreclosure on Plaintiff's residential property. Exhibits B and C to the Complaint, however, show that MERS assigned its interest in the Deed to Secure Debt on Plaintiff's property to Citibank, as Trustee for American Home Mortgage Investment Trust, who instituted the foreclosure action that is the subject of this litigation. That is, Plaintiff does not assert any claims against MERSCORP, allege that MERSCORP was involved in any actions to foreclose on his property, or allege that MERSCORP owed any duty

to Plaintiff. Plaintiff fails to state any cognizable claim for wrongful foreclosure against MERSCORP.

Although styled as "Count Two," Plaintiff's claim that "MERS is not a secured creditor – therefore not an assignor" also fails to state any cognizable claim against MERSCORP—to the extent that Plaintiff's "Count Two" even constitutes a valid claim for relief.

Plaintiff's observation of MERSCORP's corporate relationship to MERS, allegation that MERSCORP was not registered to do business in Georgia at the time MERS assigned Plaintiff's security deed, description of MERSCORP's involvement in the mortgage documentation process, and claim that MERSCORP has conspired with banks to avoid paying clerk filing fees and create a "fictitious corporation" that can act as a "strawman" for improper and invalid mortgage transactions are insufficient to state any plausible claims of wrongful foreclosure or "not a secured creditor" against MERSCORP. (Pl.'s V. Compl. ¶¶ 4, 22, 41, 52, 60). Plaintiff's claims against MERSCORP are required to be dismissed.

Because Plaintiff failed to perfect service on Citibank and MERS within the 120 days allowed by Federal Rule of Civil Procedure 4(m), and has failed to state any claims against MERSCORP, Defendants' Motion to Dismiss is granted.[4]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [3] is **GRANTED**. The claims against Defendants Citibank, MERS, and the "(1-3) unknown or unnamed Defendants" are **DISMISSED WITHOUT PREJUDICE**. The claims against Defendant MERSCORP are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 29th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court determines that it lacks personal jurisdiction over Defendants Citibank and MERS based on insufficiency of service of process, their alternative argument for dismissing the claims against them on the merits for failure to state a claim is moot.